## KELLOG and others *v*. RICHARDSON.

*(Circuit Court W. D. Missouri, E. D. April Term, 1883.)*

1. ATTACHMENT—WHEN CREDITOR MAY RESORT TO—UNDER THE MISSOURI STATUTES—ASSIGNMENT LAW OF MISSOURI.

    Under the Missouri statutes a creditor may obtain an attachment against the property of his debtor on the affidavit that the debtor has conveyed and assigned or disposed of his property and effects, so as to hinder and delay his creditors, or is about to further fraudulently convey, assign, and dispose of the same with such intent. In order to maintain such an attachment it is not necessary to prove the act of the debtor to be fraudulent in fact; it is fraudulent in law if it hinders and delays creditors in the collection of their debts.

2. ASSIGNMENT UNDER LAW OF MISSOURI.

    A debtor, under the laws of Missouri, may prefer certain creditors to others, by mortgage or deed of trust in part or all of his property, but he cannot make

such a preference in an instrument or instruments by which he disposes of the *whole* of his property at one and the same time. Such an act would be a virtual declaration of insolvency and would bring the debtor under the assignment law, which requires a distribution of the property of the failing debtor for the benefit of all the creditors in proportion to their respective claims. Neither can a debtor in failing circumstances, and unable to pay all his debts, convey his property in trust, and reserve to himself any benefit.

At Law.

*John A. Gilliam* and *C. W. Thrasher*, for plaintiffs.

*Goode & Cravens*, for defendant.

KREKEL, J., (*charging jury.*) Aside from the ordinary mode of collecting debts by suit and summons, the laws of Missouri in certain cases provide that a creditor may attach the property of his debtor, and thus secure the collection of his debt. There are 14 different causes mentioned in the Missouri statute, for which an attachment may issue. Under two of them,—the seventh and ninth, —the plaintiffs in this case have sued out their attachment; they have made affidavit as required in the provision of the law; mentioned that they had good reasons to believe, and did believe that defendant, Richardson, had fraudulently conveyed and assigned and disposed of his property and effects so as to hinder and delay his creditors; and that he is about to further fraudulently convey, assign, and dispose of his property and effects so as to hinder and delay his creditors. After the making of the affidavit and filing their bond, the plaintiffs were entitled to and obtained their attachment, under which they seized the property of the defendant, Richardson. The law provides that the facts sworn to by the plaintiffs to obtain their attachment, may be denied by the defendant under oath, and when so denied, the plaintiffs are bound to prove the existence of the facts alleged by them as ground of the attachment. This is what has been done by Richardson; that is, he has denied, under oath, that the facts set out in the affidavit of plaintiffs are true, virtually saying that he did not fraudulently convey, assign, or dispose of his property, nor was he about doing so, for the purpose of hindering and delaying his creditors in the collection of their debts. It is not denied that Richardson conveyed his property, but he says he did not do it fraudulently and for the purpose of hindering and delaying creditors in the collection of their debts. By hindering and delaying creditors in the collection of their debts is meant the doing of an illegal act which causes or presents an obstacle in the collection of the debt by a creditor. The act done by the debtor may not defraud the creditor in fact, and yet be fraudulent in law, because it hinders and delays creditors in the collection of their debts. Thus, for instance, a debtor may have property more than sufficient to pay all his debts, yet if he puts his property out of his hands so that it cannot be reached by the ordinary process in law, it is hindering and delaying in the eyes of the law, and a legal fraud. Such hindering and de-

laying of creditors in the collection of their debts, the law denounces and treats as a fraud.

Having thus given you the law regarding fraudulent conveyances for the purpose of hindering and delaying creditors, I proceed to define the right which a failing debtor has to deal with his property. Under the laws of Missouri a debtor has a right to select among his creditors, if he cannot pay all of them, whom he will pay or secure, in other words, whom he will prefer, but he cannot make such a preference in an instrument or instruments by which he disposes of the whole of his property at one and the same time. Such instruments fall within the provisions of the assignment law of Missouri, which provides that "every voluntary assignment of lands, tenement, goods, chattels, effects, and credits made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors in proportion to their respective claims." Under this provision of law a merchant may give a mortgage or a deed of trust in part or all of his property, to secure one or more of his creditors, thus preferring them, but he cannot convey the whole of his property to one or more creditors and stop doing business. Such turning over and virtually declaring insolvency brings the instrument or act by which it is done within the assignment law of Missouri, which requires a distribution of the property of the failing debtor for the benefit of all the creditors in proportion to their respective claims. Such is the declared policy of the law; it places all creditors upon an equal footing. The law further is that no debtor in failing circumstances, and unable to pay all his debts, can convey his property in trust and reserve to himself any benefit. You are therefore instructed that if you find from the testimony that Richardson, in the instrument in evidence called a mortgage, conveyed more property than was necessary to pay the claims secured and provided, as the conveyance in this case does, for the delivery back of the balance of property not needed to pay the preferred creditors, to himself, such a reservation in the deed makes it void as to creditors not secured thereby, and hinders and delays them in the collection of their debts. You will remember the evidence as to the amount of claims secured, about $4,500, and the value of the property conveyed by the mortgage, estimated at $9,000. Richardson could not legally convey his stock of merchandise to certain preferred creditors, have them sell the property, pay themselves, and return the balance of the proceeds or property to him. Such conveyance and holding under it by the preferred creditors would amount in this case to a withdrawal of the property conveyed from the reach of creditors, and constitute a fraudulent conveyance for the purpose of hindering and delaying creditors, and fully justifying you in finding the issue for the plaintiffs, and you are instructed to do so if the facts are found by you as stated.

The time during which the sale by the preferred creditors is to be made is another matter to which your attention is specially directed.

The law is that even though the conveyance by which the transfer is made be otherwise valid, yet, if by virtue of its provisions the dealing with the property is such as necessarily delays creditors in reaching any remainder or surplus by creditors not secured, such a delay is a hindering and delaying of creditors, and fraudulent in law. Creditors are entitled to their pay when due. A reasonable time to dispose of the property conveyed may be taken, but it must not be with a view of earning profits and making gains. You are, therefore, instructed that if you shall find from the testimony that the property conveyed by Richardson to the preferred creditors could be disposed of in less time than provided for in the deed of trust, and without serious loss, in such case it hinders or delays creditors. It is no answer to this to say that creditors may resort to extraordinary remedies to reach the property conveyed and not needed to pay preferred creditors. The debtor has no right to compel creditors to resort to any of the extraordinary remedies alluded to in the argument of counsel. The conveyance in this case provides that the preferred creditors may sell the property conveyed at retail for two months and more, then advertise twenty days, and sell at public auction. It also provides that the creditors may hire clerks, pay store rents, and report monthly all their doings for Richardson. But for the fact that the conveyance does not set out the value of the property conveyed, the deed would be declared void as a question of law. If the property conveyed by Richardson to the preferred creditors was less in value than necessary to pay them, it might be a question as to whether such a condition as the one made for the sale, of the property contained in the conveyance in evidence would not be valid. In this case Richardson made a general assignment afterwards, thereby showing that in his view at least, there was an overplus. On this branch of the case you are instructed that if you find the value of the property so conveyed by Richardson to the preferred creditors greater than the debts secured, and further find that Richardson intended that the property should be disposed of at retail, and that the property not needed to pay preferred creditors should be returned to him, you should find the issue for the plaintiffs.