## KERBS *v.* EWING.

*(Circuit Court, W. D. Missouri, W. D. 1884.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS—MISSOURI STATUTE—DEED OF TRUST FOR BENEFIT OF CERTAIN CREDITORS.

> No matter what the form of the instrument, where a debtor in Missouri, being insolvent, conveys all of his property, to a third party to pay one or more creditors, to the exclusion of others, such a conveyance will be construed to be an assignment for the benefit of all his creditors; the preference being in contravention of the assignment laws of the state.

Demurrer to Bill of Complaint.

*Scott & Taylor,* for plaintiffs.

*Karnes & Ess* and *Adams & Stuebenrauch,* for defendants.

McCRARY, J. This case is not different in principle from the case of *Martin* v. *Hausman,* 14 FED. REP. 160. It is true that in *Martin* v. *Hausman* the technical deed of trust, which was construed to be an assignment for the benefit of creditors, was defective as a deed of trust, in having no defeasance clause attached thereto. In this case, the instrument is a deed of trust in proper form. This, however, can make no difference. No matter what the form of the instrument, where

a debtor, being insolvent, conveys all his property to a third party to pay one or more creditors, to the exclusion of others, such a conveyance will be construed to be an assignment for the benefit of all the creditors; the preference being in contravention of the assignment laws of this state. Demurrer overruled.