In re McCRUM.

(Circuit Court of Appeals, Second Circuit. April 18, 1914.)

No. 143.

1. BANKRUPTCY (§ 288*)—ADMINISTRATION OF ESTATE—RECOVERY OF ASSETS—
ASSIGNEE FOR BENEFIT OF CREDITORS.

A bankrupt's trustee, who has been appointed within four months after a general assignment by the debtor for the benefit of creditors, may recover the assets so assigned in summary proceedings in the bankruptcy court without a plenary suit; the assignee under such circumstances being regarded as a mere naked bailee for the creditors, and his possession that of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 1*)—WHAT CONSTITUTES—"GEN-
ERAL ASSIGNMENT."

A "general assignment" for the benefit of creditors is one which passes all, or substantially all, the bankrupt's property, owned at the time of the assignment, to a third party in trust to collect the amounts owing to the assignor, with power to sell and convey the property, distribute the proceeds among the assignor's creditors, and return the surplus if any to such assignor.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 4, pp. 3052–3054.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 29*)—BANKRUPTCY (§ 288*)—
ASSIGNMENT FOR CREDITORS—RECOVERY OF PROPERTY BY TRUSTEE—SUM-
MARY PROCEEDINGS.

The bankrupt and H., being in business together, transferred to T. certain personal property belonging to the bankrupt individually, together with his interest in certain real property; H. also transferring to T. certain personalty belonging to him individually, together with his interest in certain realty. The conveyances were absolute on their face; T. executing a receipt to the bankrupt and H., in which he agreed to take the properties and convert them from time to time into money and apply the proceeds equally and ratably to the liabilities of the bankrupt and H. No property was transferred by the bankrupt solely for the benefit of his individual creditors, and the property so conveyed by him did not constitute substantially all his property. Held, that the transfer was not an assignment for the benefit of creditors of the bankrupt, and hence, certain creditors protected by the transfer having objected to a surrender of the property by T. to the bankrupt's trustee, T. held the same as an adverse claimant, and the trustee was therefore not entitled to recover the same in summary proceedings.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 107–112; Dec. Dig. § 29;* Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

4. BANKRUPTCY (§ 100*)—BANKRUPTCY ADJUDICATION—CONCLUSIVENESS—EF-
FECT.

Where an involuntary petition was filed against an alleged bankrupt on the ground that he had made an assignment for the benefit of creditors, no creditor having appeared to deny the act of bankruptcy on which the adjudication was based, and there being no proof at the time to determine whether the assignment transferred the whole or substantially all the bankrupt's property, the adjudication was not res judicata of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issue as to whether the transfer constituted an assignment for the benefit of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Lloyd G. McCrum. A petition of Alfred C. Coxe, Jr., bankrupt's trustee, to compel Oscar L. Telling to deliver over property in his possession, was denied on the ground that the District Court had no jurisdiction by summary proceedings to compel such delivery. On petition to revise such order of denial. Petition dismissed, and order affirmed.

Petition to review an order denying a petition of the trustee in bankruptcy to compel Oscar L. Telling to deliver over property in his possession on the ground that the District Court had no jurisdiction by summary proceedings to compel the delivery of the properties.

Lloyd G. McCrum, the bankrupt, and one George D. Howell made a joint deed to Oscar L. Telling on March 13, 1912, transferring to him certain real estate in Pennsylvania. At the same time McCrum delivered to Telling certificates of stock in Pennsylvania and West Virginia corporations of the value of $271,950. McCrum's interest in the real estate conveyed was $10,300.

George D. Howell also transferred to Telling certain other real estate and certain stocks. The value of the property thus transferred by McCrum and Howell aggregated $636,529.

McCrum and Howell were the officers and chief stockholders of the McCrum-Howell Company, and had indorsed its notes. The company was incorporated, and McCrum's indorsement of its notes amounted to about $2,-000,000. In addition to the indorsements he was indebted over $300,000.

The deeds given Telling were absolute on their face and were at once recorded. Telling had the stock transferred into his own name. He executed a single receipt to McCrum and Howell in which he agreed to take the properties and to convert them from time to time into money and apply the proceeds equably and ratably to the liabilities of McCrum & Howell. No property was transferred by McCrum solely for the benefit of his own individual creditors.

Attached to Telling's receipt was a schedule setting forth by items the properties he received with their values. The scheduled value of the properties thus received was double the amount of debts scheduled. There was nothing to show that the scheduled property comprised all or substantially all of the estate of either McCrum or Howell. The record does not show, inferentially or otherwise, that the property conveyed or transferred by Howell to Telling comprised all the property of which Howell was possessed at the time of the transaction. But, on the contrary, it affirmatively appears that he had at that time other property of considerable value which he did not transfer or convey.

No consideration of any kind was paid by Telling for the transfer of the property, and Telling claims no personal interest in the property.

On May 29, 1912, an involuntary petition in bankruptcy was filed against McCrum in the office of the clerk of the United States District Court for the Southern District of New York. The act of bankruptcy charged in the petition was the execution of the deed of trust to Telling for the benefit of creditors. McCrum appeared and consented to the entry of an order of adjudication, and on June 6, 1912, the District Court entered an order adjudging him to be a bankrupt. And on September 6, 1912, Alfred C. Coxe, Jr., was appointed a trustee. Thereupon the trustee made a summary application to compel Telling to deliver over the property transferred to him by McCrum. Telling made a special appearance and filed an answer denying the jurisdiction of the court, and the court decided that it had no jurisdiction by summary proceed-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ings to compel the transfer of the property by Telling to the trustee in bankruptcy. In his answer Telling alleged that the deeds and stocks were all delivered to him in Pennsylvania, and that the receipt and declaration of trust under which he was holding the properties was also executed in that state, and he asserts a right to administer the trust estate under the laws of Pennsylvania, the domicile of his trust. He claims that the rights of the various persons entitled under his trust can only be adjudicated in a plenary action, begun in the jurisdiction of his trust domicile, and after all parties interested in the trust estate have been given their day in court.

The District Court was of the opinion that Telling was an adverse claimant, and that there was a real controversy by a trustee who claimed title on behalf of his beneficiaries, and that there was not a merely colorable claim. He accordingly denied the petition and dismissed the proceedings.

Rosenberg & Levis, of New York City (Robert P. Levis and James N. Rosenberg, both of New York City, of counsel), for Alfred C. Coxe, Jr., trustee.

Curtis, Mallet-Prevost & Colt, of New York City (Wm. Edmond Curtis and Henry A. Stickney, both of New York City, and Cornelius C. Webster, of counsel), for respondent.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The question which this court has to decide is whether the bankruptcy court has summary jurisdiction to compel property to be transferred to a trustee in bankruptcy when the property has been transferred by the bankrupt in conjunction with another person, for the benefit of creditors of the two persons; the transfer having been made within four months of the bankruptcy and for the benefit of creditors, there not being included in such transfer either the whole or substantially the whole of the bankrupt's estate.

[1] A trustee in bankruptcy who has been appointed within four months of a general assignment made by a debtor for the benefit of his creditors has a right to obtain an order from the bankruptcy court, and in a summary proceeding, compelling the assignee to submit his accounts and to turn over to him all money and property in his hands which belonged to his assignor. No plenary suit is necessary in a case of that sort. The assignee under such conditions is not an adverse claimant, but merely the agent of the assignor for the distribution of the proceeds of the property, and as such agent his possession is that of the principal. He is a mere naked bailee for the creditors and has no right to retain the possession as against the trustee in bankruptcy. In re Stewart, 179 Fed. 222, 102 C. C. A. 348; In re Smith (D. C.) 92 Fed. 135; In re Stokes (D. C.) 106 Fed. 312; In re Thompson (D. C.) 122 Fed. 174, affirmed in 128 Fed. 575, 63 C. C. A. 217; Black on Bankruptcy, § 439; Remington on Bankruptcy, § 1611.

The present proceeding was instituted by the petitioner upon the theory that the trustee Telling was a general assignee of the bankrupt McCrum for the payment of McCrum's creditors, and therefore was holding merely as a naked bailee or agent of McCrum, and as such might be compelled to turn over in a summary proceeding all the property which he had received and was holding in trust.

It appears that the transfer made by McCrum to Telling was not a

transfer of all the property which the former possessed on March 13, 1912; that being the date on which the assignment was made. The instrument of transfer does not upon its face purport to transfer all the property of McCrum, and the latter's own testimony shows various items of property which were not included and which it is claimed had a value of $53,410, although McCrum's counsel insists that the real value is about $15,000. This property included shares of stock and certain pieces of real estate. Some of the stock not included in the assignment was at the time of the transfer in possession of third parties as collateral for loans. We are satisfied that while the property withheld may not total $53,410 as claimed it is considerably in excess of the value of $15,000. It is not important to determine the exact value of the property withheld. It is enough to know that a substantial amount of his property was not transferred, and we are satisfied that such was the fact. In arriving at a conclusion as to the value of the property transferred and the value of the property withheld, petitioner's counsel adopted the maximum value when the stocks appeared in the class of property transferred and the minimum value when the identical stocks appeared in the class of property not transferred. Thus 250 shares of stock of the Tower Hill Coke Company and 300 shares of stock of the Isabella Coke Company, which were not included in the transfer are valued at $5 and $10 per share, respectively. But in determining the value of property transferred 2,233 shares and 4,200 shares respectively of these identical stocks are valued at $50 and $14 a share respectively.

[2] The question then arises whether the transfer by McCrum to Telling can be regarded as a general assignment. A "general assignment for the benefit of creditors" is one which passes all the property or substantially all the property, real and personal, which the assignor owned at the time of the assignment. And an assignment which conveys only a portion of the property is a partial assignment. United States v. Hooe, 3 Cranch, 73, 90, 2 L. Ed. 370 (1805); United States v. Howland, 4 Wheat. 108, 114, 4 L. Ed. 526; Bock v. Perkins, 139 U. S. 628, 641, 11 Sup. Ct. 677, 35 L. Ed. 314; Missouri-American Electric Co. v. Hamilton-Brown Shoe Co., 165 Fed. 283, 287, 91 C. C. A. 251 (1908). A general assignment for the benefit of creditors is not only an assignment of all or substantially all of one's property, but it must be made to another party in trust to collect the amounts owing to the assignor, with power to sell and convey the property, to distribute the proceeds of all the property among the creditors of the assignor, and to return the surplus, if any, to the debtor. And it has been held that a conveyance of his property by a debtor directly to his creditor, or to his creditors, for their benefit, is not a general assignment for the benefit of creditors because it raises no trust. Anniston Iron & Supply Co. v. Anniston Rolling Mill Co. (D. C.) 125 Fed. 974 (1903); Missouri-American Electric Co. v. Hamilton-Brown Shoe Co., supra.

[3] In the case at bar, however, the transfer was in trust with power to sell and to distribute the proceeds to pay "the debts of said Howell and McCrum" and "the personal debts of either of them" and then

return "to said Howell and McCrum" all of said property not disposed of under the terms of the trust deed. It has also been urged upon us that the transfer made by McCrum cannot be regarded as a general assignment for the benefit of creditors because it was not made solely for the benefit of McCrum's creditors, but was made to benefit as well persons who were not his creditors. It is not, however, necessary to determine, and it would be improper for us to determine in this proceeding, whether the trust instrument properly construed confers or does not confer upon the individual creditors of Howell any interest in the property turned over to Telling by McCrum. It is quite enough to know that the transfer by McCrum cannot be regarded as a general assignment because it did not transfer the whole or substantially the whole, of McCrum's property.

But even if the trustee Telling was a general assignee taking the whole of McCrum's property, he would, notwithstanding, upon the facts of this case, have to be regarded as an adverse claimant, and therefore not subject in this summary proceeding to be compelled to transfer the property to the trustee in bankruptcy. He admits that he claims no beneficial interest for himself, but contends that under the assignment made to him he holds the property assigned by McCrum not alone for the creditors of McCrum, but also for the benefit of the creditors of Howell, and that in like manner he holds the property assigned by Howell not alone for the creditors of Howell but also for the benefit of the creditors of McCrum. The creditors who are creditors of Howell alone upon his personal debts and who claim an interest in the property of McCrum under this assignment to Telling are entitled to have their adverse claim adjudicated in a plenary suit. The District Judge was clearly right in holding that:

"So far as Telling's position is concerned, if there is but one Howell creditor hostile to the summary proceeding, that is enough to make Telling an adverse claimant."

The petitioner admitted in the argument in this court that there were not one but five Howell creditors hostile to this summary proceeding, with claims amounting to $24,700. We are informed that these opposing claimants urge no reason for their objection to this summary proceeding other than the fact that it is more convenient for them to have the assets in Pittsburgh. This, it is said, is in absolute disregard of the convenience of the New York creditors whose claims aggregate a very much larger amount. But it is not a question of convenience, and we are not concerned with the reason of the opposing creditors or whether they have any reason at all for the position they have seen fit to take. The law gives opposing claimants an absolute right to have their claims adjudicated in a plenary action if they so prefer. In this case at least five do so prefer. Their reason for their preference is their own matter and does not affect their right.

We are told that to accord recognition to Howell's creditors as adverse claimants of an interest in the property which McCrum transferred to the respondent Telling is to assume that the securities so transferred are available for Howell's creditors, and that no court will permit an insolvent's property to be used to pay a third party's debts.

The argument is beside the point at issue. The ultimate question of whether creditors of Howell are entitled to be paid any portion of the assets turned over by McCrum to Telling is entirely foreign to this proceeding. The question that can be raised here is one of remedy between a summary proceeding and a plenary suit. Whether the interest which the written instrument gives the creditors of Howell in the property of McCrum is voidable by the trustee of McCrum is not before us and was not before the court below. The question is whether the fact that the instrument of transfer to Telling purports to give an interest to the creditors of Howell, and that those creditors are not holding as agents for the bankrupt or his creditors, and the further fact that they are insisting and standing upon their rights under the instrument, does or does not make their claim an adverse claim which they have a right to have determined in a plenary suit. We do not think that such a claim as is here asserted can be properly classed as merely a "colorable" claim. A claim is open to the objection of being colorable when it is merely asserted; there being no foundation upon which it rests. A colorable claim is one which is a mere pretext and without reality. But in the case at bar there is a genuine claim. It rests upon a basis of fact and reality. Whether the basis is such as to make the claim a valid one cannot be inquired into in a summary proceeding unless the claimant is willing to have it so decided. He has a right to insist, if it pleases him to so elect, to have the question determined in a plenary action.

The claim made by Telling involves, as the court below found, several debatable questions of fact and law. There is involved a determination of the effect of joint absolute conveyances with simultaneous declarations of trust by the assignee in favor of the creditors of both assignors; the effect of the avoiding of the assignment as to one assignor upon the rights acquired by the creditors of the other assignor. The question arises as to what are the rights and interests of these last-mentioned creditors under the trust and whether the single trust can be severed without confiscating their rights. In case the assignment and trust are set aside there is further involved the interest of the assignor, Howell, and the duties of the assignee as to him. The respondent therefore claims he is entitled to have the matter decided in a regular plenary action upon summons and pleadings and not in a summary proceeding in the bankruptcy court. In this view we concur.

The respondent in his capacity as a trustee representing creditors who have an adverse claim is an adverse claimant in their behalf. In re Baudouine, 101 Fed. 574, 41 C. C. A. 318 (1900) we held that testamentary trustees who were without any beneficial interest in the property themselves and who were asserting a right to maintain control of the income from land held under a spendthrift trust and to pay it to the bankrupt beneficiary, as against the petition of his trustee in bankruptcy, were adverse claimants and entitled to be heard in a plenary suit. We said that in defending their trust duties they were hostile to the trustee in bankruptcy, and that, if they were entitled to be heard at all, they were entitled to contest his title as fully as though they were the equitable owners of the fund. So in the present case the

trustee Telling, who, as we have seen, is not a general assignee for the benefit of McCrum's creditors, but is a trustee of a fund for McCrum's creditors and also for other creditors than McCrum's, is, in defending his trust duties, hostile to the trustee in bankruptcy.

[4] It was urged upon us that the assignment to Telling was the act of bankruptcy charged in the petition which was filed against Mc-Crum, that no creditor appeared in opposition denying this act of bankruptcy, and that McCrum was accordingly regularly adjudicated a bankrupt. We are asked to accept the fact that he was thus adjudicated a bankrupt as conclusive of the question that the assignment was a general one. In other words, the claim is that that particular question is to be regarded as res adjudicata. It is enough to say that Mc-Crum was not adjudicated a bankrupt on the theory that his assignment was a general one. There was no proof taken at the time of the adjudication to determine whether his assignment transferred the whole or substantially the whole of his property to Telling. And the court did not determine whether or not the assignment was a general one for the benefit of his creditors. After the filing of the petition in bankruptcy, McCrum filed an appearance in the bankruptcy court and without admitting the allegation of the petition merely waived his right to plead and consented to the order of adjudication. And even in contested proceedings an adjudication is res adjudicata and conclusive upon those who have not actually taken part in the contest only as to the status of the bankrupt and not as to the commission of a particular act of bankruptcy, although it be the one alleged in the petition. The rule on this subject is correctly laid down in Remington on Bankruptcy, § 445, where it is stated as follows:

"That the adjudication in bankruptcy, though to be sure it is in a proceeding in rem 'binding on the whole world,' is not binding on others than those actually engaged in the litigation except as to the status of the debtor as a bankrupt; that the constructive presence of all creditors does not obtain except as to the subject of the debtor's status; that therefore, except as to parties who have actually litigated the issues, the adjudication in bankruptcy is not binding in subsequent litigation on the matters of insolvency nor even on the matter of the commission of the very act of bankruptcy on which the adjudication is based; that the doctrine of res adjudicata does not apply, because the subjects of the two proceedings are different; in the proceedings on the bankruptcy petition the subject being the status of the debtor, whilst on subsequent litigation the subject is the property or a debt entitled to share in the property."

And see Manson v. Williams, 213 U. S. 453, 455, 29 Sup. Ct. 519, 53 L. Ed. 869; Tilt v. Kelsey, 207 U. S. 43, 52, 28 Sup. Ct. 1, 52 L. Ed. 95; John Silvey & Co. v. Tift, 123 Ga. 804, 51 S. E. 748, 1 L. R. A. (N. S.) 386.

The petition to review is dismissed, and the order of the District Court is affirmed.