### E. L. WELCH CO. v. BLAKSTAD et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

No. 6168.

1. Bankruptcy ☞81 (4)—Petition held to allege general assignment.

An involuntary petition, alleging that alleged bankrupt had transferred all its property to trustees for its creditors, *held* to sufficiently allege a general assignment for benefit of creditors as an act of bankruptcy.

2. Bankruptcy ☞89(1)—Adjudication of bankruptcy held not error, where answer was sham or admission.

Where, in involuntary bankruptcy proceedings, petitioner alleged a general assignment for benefit of creditors, which was conclusively shown by affidavit, answer of the bankrupt, denying the general assignment for benefit of creditors, would be treated either as admitting the execution of the instrument or as sham, and in either event petitioners would be entitled to order of adjudication of bankruptcy.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Bankruptcy proceedings by A. C. Blakstad and others against the E. L. Welch Company, alleged bankrupt. From an order adjudging the company a bankrupt, it appeals. Affirmed.

Harris Richardson, of St. Paul, Minn., for appellant.

Earl H. Miller, of St. Paul, Minn. (Dobner & Miller, of St. Paul, Minn., on the brief), for appellees.

Before KENYON, Circuit Judge, and JOHNSON, District Judge.

JOHNSON, District Judge. This is an appeal from an order adjudging appellant a bankrupt. The act of bankruptcy upon which appellant was adjudged a bankrupt was that it had made a general assignment for the benefit of its creditors.

[1] The objection that the petition does not sufficiently allege the commission of the act of bankruptcy upon which appellant was adjudged a bankrupt must be overruled. It is alleged in the petition that

appellant had transferred all of its property to trustees for its creditors, and, as said by the court below, in the absence of a motion to make more definite and certain, the petition must be held in legal effect to allege a general assignment by appellant for the benefit of its creditors.

[2] The objection that the court erred in entering the order of adjudication, notwithstanding appellant had an answer on file, must be overruled. The order was made upon the motion of appellees (1) to strike out the answer of appellant as sham; (2) that appellant be adjudged a bankrupt, "as if no answer had ever been filed herein." It was shown by affidavits that appellant, five days before the filing of the petition, had executed an instrument, which was a general assignment for the benefit of creditors, as defined by this court in Courtenay Co. v. Finch, Van Slyke & McConville, 194 Fed. 368, 114 C. C. A. 328. The trial court charitably assumed that appellant had not intended to deny that it had executed the instrument, and construed appellant's answer as admitting its execution. The court thereupon denied the motion to strike the answer as sham, and treated appellees' motion as a motion for judgment on the pleadings, and entered judgment accordingly.

Appellant now claims that its answer should not be construed as admitting the general assignment for the benefit of its creditors; that, with the answer on file denying the general assignment for the benefit of creditors, it was entitled to a jury trial (a jury trial was demanded in the answer). Based upon these premises, appellant says the order of adjudication was necessarily erroneous. If it be admitted that the answer denied the making of the general assignment, the admission would not help appellant. Treated as a denial of the making of the general assignment for the benefit of creditors, the answer was sham, and should have been stricken out, at least in respect to this act of bankruptcy. If the answer did not deny the execution of the general assignment, the order of adjudication was properly entered. If the answer did deny the execution of the general assignment, it was sham, and should have been stricken out, and an order of adjudication entered. Petitioners were in any event entitled to the order adjudicating appellant a bankrupt.

The order is affirmed. Costs to appellees.