**WILDER v. CENTURY CARPET CO. et al.**

No. 8520.

Circuit Court of Appeals, Ninth Circuit.

Sept. 22, 1937.

John S. Cooper, of Los Angeles, Cal., for appellant.

Merrill L. Granger, of Santa Monica, Cal., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

In a verified answer to a petition of creditors to have him adjudicated a bankrupt, Ralph Wilder, appellant herein, denied in one count, in accordance with Bankruptcy Form 6 (11 U.S.C.A. following section 53), "that he has committed the act of bankruptcy set forth in said petition," "or that he is insolvent * * *" and in another count pleaded facts which constitute an admission that he signed and delivered a written document which on its face constitutes an assignment of his assets for the benefit of his creditors. However, appellant claims that such assignment is void because secured through fraud and duress.

After the answer was filed, petitioners presented a motion to the trial court praying for the dismissal of the answer in its entirety, and fortified the motion with detailed affidavits of fact concerning the financial condition of Wilder, and as to the

act of assignment. This motion was duly heard, both contending parties appearing and taking part in the argument. Thereafter the court granted the motion, dismissed the answer without leave to amend, and entered an order adjudging petitioner a bankrupt. The ruling was made after the matter had been under advisement and an exception was reserved to Wilder, but it should here be noted that the record is free from any objection to the procedure up to this point, and no exception is noted thereto.

Wilder now appeals to this court for relief and presents in his opening brief points I, II, III, and IV.

■ Point I. The Court Erred in Refusing to Accept Appellant's Answer and Not Ordering the Issues Tried as to Whether Appellant was a Bankrupt.

Appellant does not deny the assignment as alleged, but holds it to be ineffectual because it is not according to the California Civil Code, §§ 3429 to 3473 inclusive, relating to assignments. But the act of bankruptcy through assignment of assets need not be a statutory assignment, and no more need be said on that point. Brainard v. Fitzgerald et al. (1935) 3 Cal.(2d) 157, 44 P.(2d) 336.

■ Point II. Under this heading, the brief merely refers to assignments of error second, third, fourth, sixth, seventh, ninth and tenth, and reargues point I.

Incidentally, under both the preceding points appellant assumes the fact of assignment, but refers to it as being voided by fraud and duress.

Point III. This point refers to an order concerning deposit of moneys in hands of assignee and, as we view the case, has no relevancy to the appeal.

■ Point IV. Under this point appellant questions the propriety of the use of affidavits in aid of the motion to dismiss.

The trial court was confronted with an ordinary petition of creditors to adjudicate appellant a bankrupt, together with an answer as heretofore described. Petitioners regarded the answer as a legal sham and moved that it be dismissed. The court heard the motion, no doubt under authority of rule 30 of the Supreme Court Equity Rules (28 U.S.C.A. following section 723), and granted it. As has heretofore been said, no objection to the method used to test the sufficiency of the answer was made. In the circumstances, appellant cannot here complain of the use of affidavits.

■ The verified answer of appellant, the undisputed affidavits presented upon the motion, and probably the oral argument of counsel, since the briefs made such admission, admit that the assignment was actually made and became effective, unless vitiated by fraud or duress. In these circumstances the court could do no less than declare the whole answer a legal sham incapable of being amended so as to produce an issue, unless the allegations of the answer present an issue of fraud or duress.

## The Issue of Fraud or Duress.

■ Appellant bases his claim of fraud and duress upon the allegations that appellant was told by Engelman that he, as a special representative of the Los Angeles Board of Trade, would throw appellant into bankruptcy and thereby cause him disgrace, unless he made an assignment for the benefit of creditors, but by making such assignment his credit and good name would be preserved. That upon the assignment being made the Board of Trade took possession of his store and shortly thereafter conducted a public sale of his goods. There is an attempt in the answer to accuse the Board of Trade of sharp practice in order to create business for itself, but this attempt does not rise to the dignity of factual allegations. Not every threat to act against another constitutes either fraud or duress. First National Bank of Portland v. Multnomah Lumber & Box Co. (Bell), 125 Or. 598, 268 P. 63. No one can throw another into bankruptcy unless the facts support the act, and here there are no allegations to the effect that either Engelman or the Board of Trade was doing more than informing appellant that unless an assignment were made it would be necessary to file a petition in bankruptcy. There is no hint in the answer that other than the facts obtaining would be used in such petition. Appellant took his choice, made the assignment, and stood by while his assets were sold at public auction.

There is no allegation, except through vague suspicion, that either of the petitioning creditors had any relation to Engelman, the Board of Trade, or their acts. In fact, it affirmatively appears by the affidavits referred to that neither of them had such relation. It seems clear to us,

as it must have appeared to the trial judge, that there was no pleading supporting a charge of fraud or duress, and further that the answer did not connect the petitioning creditors with its allegations. We cite the following cases of interest relative to fraud: Fillmore Commercial & Savings Bank v. Kelly et al., 62 Utah, 514, 220 P. 1064, 1066; Juby v. Craddock et al., 56 Mont. 556, 185 P. 771. We cite the following cases of interest relative to sham pleadings: In re Southern Fruit & Produce Company (D.C.) 14 F.(2d) 676; E. L. Welch Company v. Blakstad et al. (C. C.A.) 290 F. 194.

The assignment constituted an act of bankruptcy. Bankr.Act § 3a (5), as amended, 11 U.S.C.A. § 21 (a) (5). The solvency of appellant is immaterial in the face of the assignment. West Company v. Lea, 174 U.S. 590, 19 S.Ct. 836, 43 L.Ed. 1098; Gilbert's Collier on Bankruptcy (4th Ed.) p. 104, § 165.

The order appealed from is affirmed.