**WOHLSCHLAEGER et al. v. DUNCAN.**

No. 13318.

Circuit Court of Appeals, Eighth Circuit.

Dec. 5, 1946.

Louis E. Zuckerman, of St. Louis, Mo. (Josephus M. Todd, Samuel S. Mandel, and George M. Cohn, all of St. Louis, Mo., on the brief), for appellants.

No appearance for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The appellants, creditors of the appellee, Duncan, petitioned the District Court to adjudge him an involuntary bankrupt. In their petition they charged him with three acts of bankruptcy: (1) making a general assignment for the benefit of creditors; (2) suffering, while insolvent, the appointment of a trustee to take charge of his (Duncan's) property; and (3) making, while insolvent, a preferential transfer of a portion of his property to a creditor.

In his answer Duncan denied the qualifications of the petitioning creditors, and denied that he was insolvent or had committed an act of bankruptcy. The issues were tried to the court. Upon the trial Duncan conceded his insolvency at all times which were material and admitted the qualifications of the petitioning creditors. The important issue was whether an instrument entitled "Assignment for Benefit of Creditors," executed on December 22, 1944, by Duncan and accepted by the "trustee" and the creditors named in the instrument, was "a general assignment for the benefit of his creditors" within the meaning of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. a(4).

The District Court decided that the assignment was not general, because (1) it was not intended to cover all of Duncan's property, and (2) it was for the protection of only a part of his creditors. The assignment contained the following provision: "Unless all Creditors herein named shall adopt this instrument, as evidenced by their signatures hereon, within ten days from the date hereof, and within three days after such unanimous adoption Debtor shall deposit all cash and personal property, as described in Schedule 'A', with the Trustee, this assignment and agreement shall automatically become null and void."

The only property described in Schedule "A" which the "trustee" received from Duncan was a diamond ring, worth about $500, and $115 in cash, which, at the time

of the trial, were being held to await the outcome. The trustee performed no duties under the instrument with respect to any other property. The court concluded that the failure of Duncan to deliver all of the property described in Schedule "A" prevented the assignment from becoming effective. The court also ruled: "That the instrument in question did not constitute an assignment for the benefit of creditors, but was only an agreement to assign, dependent upon the fulfillment of certain conditions precedent named therein, and said instrument never became effective because of the failure of the condition precedent to deposit all of the money and property described therein."

The District Court was confronted with a perplexing situation. The assignment, although executed by Duncan, by the trustee, and by the creditors named in the instrument, and delivered to the trustee, did not become operative for the reason that Duncan failed to turn over to the trustee all of the property described in Schedule "A" and, in fact did not turn over any of it except the diamond ring and the $115 in cash. From a practical standpoint, it reasonably can be believed that Duncan's failure to deliver had the effect of wiping the slate clean.

■ Under the Bankruptcy Act, however, it is the making of a general assignment by a debtor which constitutes an act of bankruptcy. The Act is unequivocal. No provision requires that a general assignment must be effective, or operative, or indefeasible, or even valid, in order to constitute its making an act of bankruptcy. The apparent policy underlying this section of the Bankruptcy Act is that a debtor making a general assignment reveals his intent, and has made an actual attempt, to arrange for the liquidation of his estate in a way contrary to the system established in the Bankruptcy laws. West Co.

v. Lea, 174 U.S. 590, 595, 19 S.Ct. 836, 43 L.Ed. 1098; Re Heleker Bros. Mercantile Co., D.C.Kan., 216 F. 963, 968, 969. See and compare cases collected in annotation to United States v. Middle States Oil Corporation, 8 Cir., 18 F.2d 231, 57 A.L.R. 848, at pages 859-865.

■ It would serve no useful purpose to set out the alleged general assignment in full. It purported to convey cash and personal property to Armin Pfisterer, "Trustee," for the benefit of certain of Duncan's creditors. It contained the following pertinent provisions in addition to the defeasance clause already quoted:

"Now Therefore, * * * said Debtor hereby pays over unto said Trustee the cash, and hereby conveys and assigns to said Trustee the personal property, all as per schedule hereto attached, made part hereof and marked Schedule 'A'; * * *."

"The Trustee by joining in the execution of this assignment and agreement signifies his acceptance of the trust herein imposed and agrees that he will fulfill his duties as such, * * *."

The conclusion that the assignment was not general because it did not cover all of Duncan's property, is untenable. While Duncan was called as a witness upon the trial and testified that he had creditors other than those named in the assignment, he did not assert that the assignment did not cover all of his property. The record is persuasive that Duncan not only listed all of his free assets but more assets than he had or could produce.

■ The fact that the assignment purported to be for the benefit of only a part of Duncan's creditors did not prevent its being a general assignment. Under Missouri law, which is applicable, the assignment was for the benefit of all creditors. Mo.Rev.Stat.Ann.1942, § 5739.[1] See Martin v. Hausman, C.C.W.D.Mo., 14 F. 160;

[1] "§ 5739. Every voluntary assignment of lands, tenements, goods, chattels, effects and credits made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor in proportion to their respective claims; and every provision in any assignment providing for the payment of one debt or liability in preference to another shall be void, and all debts and liabilities (including judgments entered by confession thirty days previous to such assignment) shall be paid pro rata from the assets thereof; and every such assignment shall be proved or acknowledged, and certified and recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed."

Kellog v. Richardson, C.C.W.D.Mo., 19 F. 70; Kerbs v. Ewing, C.C.W.D.Mo., 22 F. 693; Freund v. Yaegerman, C.C.E.D.Mo., 26 F. 812. Compare, White v. Cotzhausen, 129 U.S. 329, 9 S.Ct. 309, 32 L.Ed. 677.

The parties to the assignment probably intended that it should not become effective until Duncan had delivered to the trustee $8,000 in cash and the other items referred to in Schedule "A". However, that is not what the assignment provided. According to its terms, it was to remain in force unless Duncan failed to deliver the scheduled assets within three days after its execution. Our conclusion is that on December 22, 1944, Duncan made a general assignment for the benefit of his creditors, and thereby committed an act of bankruptcy.

The judgment appealed from is reversed, and the District Court is directed to adjudge the appellee a bankrupt.