**In re MODERNEER FOOTWEAR CO.,. Inc., Bankrupt.**

**No. 54655.**

United States District Court
E. D. New York.

Nov. 18, 1959.

Alexander H. Rockmore, New York City, for trustee.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Ann B. Miele, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for United States of America.

Charles H. Tenney Corporation Counsel of the City of New York, New York City, Stanley Buchsbaum, Bernard H. Sherris, Cornelius F. Roche, New York City, of counsel, for the City of New York.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, Samuel Stern, Asst. Atty. Gen., Abraham M. Jukovsky, Attorney of counsel for Industrial Commissioner of the State of New York priority claimant.

BRUCHHAUSEN, Chief Judge.

The Industrial Commissioner of the State of New York, also the City of New York petition for review of the order of Hon. Samuel C. Duberstein, Referee in Bankruptcy, dated June 29, 1959.

The principal issue is whether the Government's tax claims are entitled to lien status under Section 67 sub. b of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b. Concededly, the bankrupt executed an assignment for the benefit of creditors on October 27, 1957, also, within four months thereafter, the petition in bankruptcy was filed and the said taxes were duly assessed during that period.

The petitioners contend that by virtue of the statutes of the State of New York and the construction thereof, the assignment placed the debtor's property in custodia legis, thus rendering it immune from Government liens for taxes assessed by it subsequent to such assignment.

Whenever State law conflicts with Federal law, in the domain of the latter, it must give way. Congress has the paramount right to legislate in the field of bankruptcy. Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507.

The debtor was a potential bankrupt at the time of executing and filing the assignment for the benefit of creditors. This constituted an act of bankruptcy and, in accordance with Section 70, sub. a(8) of the said Act, 11 U.S.C.A. § 110, sub. a(8), the assignee became the holder of the property "as the agent of the bankrupt".

The assignee's possession of the property is that of the assignor, the debtor; the assignee "is a mere naked bailee for the creditors." In re McCrum, 2 Cir., 214 F. 207, 209. The adjudication of bankruptcy "has the effect of automatically and of its own force avoiding the assignment. * * * He (the trustee)

does not take title as the successor of the assignee, but as the successor of the bankrupt." In re Neuburger, Inc., 2 Cir., 240 F. 947, 948.

Under these circumstances, it is clear that the debtor's property was not in custodia legis under State law and the assignment did not invalidate the liens created pursuant to Federal statute. As hereinbefore stated, taxes were duly assessed against the debtor by the Government, prior to the filing of the petition in bankruptcy. They became liens at the time of such assessment. 26 U.S.C.A. § 6322. Such statutory liens, arising while the debtor was insolvent and within four months prior to the filing of the said petition, are not invalidated against the trustee. Section 67, sub. b of the Act.

The objections lack merit. The Referee's findings and order are confirmed.