**In the Matter of WING SING CHEW, Alleged Bankrupt, and Rose Wong Chew, Alleged Bankrupt.**

**Howard B. CRITTENDEN, Jr., Petitioner-Appellant,**

**v.**

**Kal W. LINES, Receiver-Appellee.**

**No. 72-2822.**

United States Court of Appeals, Ninth Circuit.

March 28, 1974.

Rehearing Denied May 16, 1974.

A. Brooks Berlin (argued), San Francisco, Cal., for petitioner-appellant.

Lawrence Goldberg (argued), of Glicksberg, Kushner & Goldberg, Robert E. Phelan of Rothschild & Phelan, San Francisco, Cal., for receiver-appellee.

Patrick A. Murphy (argued), Charles E. Cooper, Eldon C. Parr, San Francisco, Cal., for amicus curiae.

Before CHAMBERS and DUNIWAY, Circuit Judges, and FERGUSON, District Judge.*

## OPINION

FERGUSON, District Judge:

This is an appeal from an order of the district court affirming on review the orders of a bankruptcy referee. We affirm.

The essential facts are:

1. On October 13, 1971, Mr. and Mrs. Chew executed a deed of trust and assignment of rents.

2. Under the deed, twenty-four (24) parcels of income producing real property in San Francisco, together with their

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

contents, were transferred to Mr. Crittenden, their attorney, as trustee.

3. The deed provided that the purpose of the trust was to secure and pay the secured and unsecured creditors of the Chews in the order and amounts as the trustee determined from time to time and to return to the trustors the balance after a liquidation of the trust property. The trustee was granted full power to sell and convey the trust property.

4. On January 7, 1972, within four (4) months of the execution of the deed of trust, an involuntary bankruptcy petition was filed against the Chews by the Bank of America, the Federal Deposit Insurance Corporation and the Bank of Canton, claiming to be creditors in excess of $1,365,000.

5. The petition alleged as an act of bankruptcy among others the execution of the deed of trust.

6. On January 10, 1972, upon an ex parte petition of the three creditors, the bankruptcy referee appointed Mr. Lines as receiver to take charge of the property of the Chews and protect the interests of their creditors.

7. On January 13, 1972, the referee issued an order upon Mr. Crittenden to show cause why the property he obtained as trustee under the deed of trust should not be turned over to the receiver.

8. Mr. Crittenden filed a special appearance and objected to summary jurisdiction of the bankruptcy referee, claiming that the deed of trust did not constitute a general assignment for benefit of creditors in that Mr. and Mrs. Chew transferred only a part of their assets to him.

9. The referee held a hearing on the order to show cause on January 19, 1972 at which time Mr. Crittenden's attorney asked for a continuance of the hearing.

10. The receiver informed the court that in order to meet payroll obligations he needed immediately the payroll bank account maintained by Crittenden.

11. The referee issued a turn over order with regard to the payroll bank account in favor of the receiver and continued the hearing on the remaining part of the receiver's application.

12. The referee thereafter conducted an evidentiary hearing to determine whether the deed of trust constituted a general assignment for the benefit of creditors.

13. Crittenden claimed that the Chews owned additional properties not transferred under the deed of trust, consisting of

(a) the furniture contained in the hotels and other properties transferred under the deed,

(b) the residence of the Chews,

(c) life insurance policies,

(d) one of the properties described in the deed of trust was actually sold by the Chews just prior to recording the deed of trust.

14. The evidence before the receiver showed

(a) the Chews had assets of $11,456,490.72 of which $11,353,000 consisted of real property;

(b) all of their real property except their residence was included in the deed of trust. That residence was valued at $125,000 with encumbrances of $75,000 and was homesteaded;

(c) the Chews received only $9,928.-71 from the sale of the property included in the deed of trust, and from that amount Crittenden was paid $5,000;

(d) no evidence of the cash surrender value, if any, of any life insurance policies was given.

15. The referee found that the speculative testimony offered by Mr. Crittenden related to any assets still retained by the Chews was of insufficient probity to defeat the rights of the receiver and creditors, and issued a turn over order against Mr. Crittenden for the property and proceeds he received as trustee under the deed of trust.

16. Mr. Crittenden petitioned the district court for review of the orders of the referee. The district court determined that from the factual findings of

the referee, approximately 95% of the alleged bankrupts' total assets of $11,456,490.72 were transferred to Crittenden pursuant to the deed of trust and assignment of rents. The district court agreed with the referee that petitioner received "substantially all" of the alleged bankrupts' assets.

The issue in this case is whether the execution of the deed of trust and assignment of rents constituted a general assignment made by a debtor for the benefit of his creditors.

■ 11 U.S.C. § 21(a) provides "Acts of bankruptcy by a person shall consist of his having . . . (4) made a general assignment for the benefit of his creditors. . . ." A general assignment for the benefit of creditors constitutes an act of bankruptcy giving the bankruptcy court exclusive jurisdiction regardless of solvency of the alleged bankrupt. Wilder v. Century Carpet Co., 92 F.2d 175 (9th Cir. 1937).

■ If an act of bankruptcy has been created then pursuant to 11 U.S.C. § 11(a)(21) a bankruptcy court has jurisdiction to "Require . . . assignees for the benefit of creditors and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver . . . appointed. . . ." under the Bankruptcy Act. Adjudication of bankruptcy is not a prerequisite to the appointment of a receiver. 1 Collier on Bankruptcy ¶ 2.24, ¶ 2.78.

■ A receiver who has been appointed within four months of a general assignment made by a debtor for the benefit of his creditors has a right to obtain an order from the bankruptcy court in a summary proceeding, to turn over to him all money and property in his hands which belonged to his assignor. A plenary suit is not necessary, and neither is an adjudication of bankruptcy. Matter of McCrum, 214 F. 207 (2nd Cir. 1914), Wasserman v. Driscoll, 282 F.2d 502 (1st Cir. 1960).

■ In order for a bankruptcy court to have summary jurisdiction, under the conditions set forth in In re McCrum, there must be:

1. A general assignment for the benefit of creditors of all or substantially all of one's property,
2. made to another party in trust,
3. with power to sell and convey the property,
4. to distribute the proceeds of all the property among the creditors, and
5. to return the surplus, if any, to the debtor.

214 F. 207, 210.

■ The record clearly demonstrates that the deed of trust and assignment of rents from the Chews to Crittenden clearly meet those five conditions. While the Chews still retained 5% of their total assets, that retention is not sufficient to cause the transfer to be other than a general assignment for the benefit of creditors. The deed clearly revealed the attempt of the alleged bankrupts to arrange for the liquidation of their estate in a way contrary to the system established in the Bankruptcy Act and was therefore a general assignment for the benefit of creditors. Wohlschlaeger v. Duncan, 157 F.2d 933 (8th Cir. 1946).

■ The orders of the bankruptcy court in requiring Mr. Crittenden to turn over to the appointed receiver the assets transferred to him were proper. The alleged bankrupts transferred all, or virtually all, of their business assets and properties to Crittenden, their attorney, as trustee, retaining their heavily encumbered and exempt residence and little else. Mr. Crittenden as trustee was to liquidate the properties for the benefit of creditors of the alleged bankrupts, both secured and unsecured, and return the surplus, if any, to the alleged bankrupts. Mr. Crittenden was given complete discretion to pay creditors in such order and in such amounts as he might determine from time to time. He also was given authority to transfer property to or for the benefit of a single creditor in satisfaction of a specific obligation owed by the Chews. The entire transac-

tion was an arrangement for the liquidation of the alleged bankrupt's estate contrary to the bankruptcy laws.

The order of the district court is affirmed.

CHAMBERS, Circuit Judge (concurring):

While I concur in the opinion, I wish to record my objection to the handling of this bankruptcy case.

The receiver was appointed, as he had to be, "in aid of bankruptcy." Yet without any adjudication of bankruptcy of the Chews, the receiver has sold, parcel by parcel, most of the debtors' properties. (It appears 17 parcels have been sold.) This strange sequence must be accounted for by the fact that the debtors appear, after the receiver was appointed, to have aligned themselves with their banker, turning their backs on their former lawyer, Crittenden, and normally there is more that a banker can do for a debtor than a lawyer.

Even though no one was pressing, it is simply wrong to let a receiver proceed with a liquidation without an adjudication of bankruptcy.

I see an abuse of the federal bankruptcy power.