## In re DENSON.

(District Court, N. D. Alabama, N. E. D.    April 12, 1912.)

No. 1,802.

1. BANKRUPTCY (§ 399*)—EXEMPTIONS—RIGHT TO EXEMPTIONS.
  Under Code Ala. 1907, §§ 4183, 4184, requiring an execution debtor claiming exemption to schedule all his personalty and deliver it to the officer, and providing that, if on a contest of his exemption he is shown to have personalty not scheduled nor delivered to the officer, the court must set aside his exemption from the omitted and undelivered property, a referee may on a contest of a bankrupt's exemption charge his exemption with any property shown to have been in the bankrupt's possession at the time of the institution of bankruptcy, and not disclosed by his inventory or surrendered to the trustee, but property fraudulently transferred by the bankrupt prior to the filing of the petition in bankruptcy cannot be treated as a part of his exempt property, nor can exemption be denied as a punishment for fraudulent conduct on the part of the bankrupt.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

2. BANKRUPTCY (§ 400*)—EXEMPTIONS—RIGHT TO EXEMPTIONS.
  Where, on a contest of a bankrupt's exemption, the evidence showed a systematic attempt on the bankrupt's part to fraudulently withhold from his trustee what goods he could secrete, and that part of the goods traced to his possession within six months of his bankruptcy were unaccounted for, and that he had concealed from his trustee for his own benefit other goods, the trustee, to require the referee to charge the exemption with any property shown to have been in the bankrupt's possession at the time of the institution of bankruptcy and not surrendered to him, need not identify the undiscovered goods, since the facts are peculiarly within the knowledge of the bankrupt who must explain what became of the property.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670, 671–675; Dec. Dig. § 400.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the bankruptcy of L. G. Denson.   Order of referee, denying bankrupt his exemption from property specified by him, confirmed, and petition for review denied.

E. W. Godbey and J. M. Kilpatrick, for. contesting creditors.
J. B. Brown and A. A. Griffith, for bankrupt.

GRUBB, District Judge.   This is a petition to review an order of the referee, setting aside to the bankrupt for his exemptions in lieu of specific property claimed by him property in the amount of his exemptions found by the referee to have been in his possession at the time of the filing of the petition in bankruptcy, and which he had not surrendered to his trustee.   The referee reached the conclusion from the evidence that the bankrupt had failed to account for property of the value of $3,000 which he had in his possession at the beginning of the bankruptcy by the method of balancing his receipts and disbursements.   The evidence is convincing that the bankrupt's disbursements of all kinds up to the time of the filing of the petition and the receiver's inventory of his assets fell short of accounting for the goods and property traced into his possession from January 1, 1910, when he commenced business, to the date of the bankruptcy, six months thereafter, in at least that amount.   The question is whether the record sufficiently shows that property of this value was still in his possession when the petition in bankruptcy was filed, for it is only on this theory that the referee would be justified in taking it into account as part of his exemptions.

[1] No property theretofore fraudulently transferred or parted with by the bankrupt in any way to prevent its application to the payment of his debts could be treated as part of his exempt property.   Nor could his exemption be denied as a punishment for any conduct on the bankrupt's part, however reprehensible it might be as to his creditors.   This is the effect of the Alabama decisions.   Under sections 4183 and 4184 of the Civil Code of Alabama of 1907, the referee had the right to charge his exemptions, on a contest of his claim, with any property, shown to have been in the bankrupt's possession at the time of the institution of bankruptcy, and not disclosed by his inventory or surrendered, to his trustee.   Cowan v. Burchfield (C. C.) 180 Fed. 614.   It was under the authority of this section of the Code that the referee assumed to act.

[2] Conceding, as intimated in the case above cited, that the bankrupt's inability to account for the disposition of property of the value of $3,000 might not of itself justify the inference that the bankrupt still possessed it, in a case where no fraudulent disposition of assets by the bankrupt in contemplation of or subsequent to bankruptcy appeared, in this case there is the corroboration of such conduct on the bankrupt's part.   The evidence showed that shortly before bankruptcy he disposed of 10 wagon loads of goods to one Leeth to pay an existing debt, real or feigned, of $465; that he also fraudulently disposed of or secreted about $1,000 worth of goods in a dwelling house in the country, which he sold and delivered to one Kinney after bankruptcy had supervened; that, having placed one Boone in

possession of some of his goods during the month preceding bankruptcy, he sent Boone just before bankruptcy receipts for the price of the goods; that on the night before the petition was filed the bankrupt notified his brother to come with a wagon and get some of the goods, which the brother did early in the morning. From these undisputed facts it is a fair inference that the bankrupt, in contemplation of impending bankruptcy and to secure an advantage to himself either directly or through delivery to others for his direct or indirect benefit, had concealed or diverted from the trustee other portions of his stock of goods. The quantity of goods delivered to Leeth seems disproportionate to the value at which they were taken over by him. The inference is admissible, in connection with the proof in the record, that some of the goods loaded in the wagons to go to Leeth did not appear in the list of those charged to him by the bankrupt, that more goods than were claimed by the bankrupt were in fact delivered by him to Leeth, and that the bankrupt was to profit by the excess. All these facts tend to establish a systematic attempt on the bankrupt's part to fraudulently withhold from his trustee what goods it was in his power to secrete or make away with. It also seems a fair inference that part of the goods purchased by him during the six months of his business career and the disposition of which he was unable to account for in his numerous examinations remained in his possession after bankruptcy as did the goods he disposed of to Kinney. They were traced to his possession, and he failed to establish how or when they left his possession. It was shown, without dispute, that he had concealed from his trustee for his own benefit other goods. To place upon the trustee the burden of identifying the undiscovered goods, and denying him the right to charge the bankrupt's exemption with them until this was done, is exacting too much of the trustee, in view of the fact that the description and whereabouts of the property, representing the conceded discrepancy or the explanation of the discrepancy, are within the peculiar knowledge of the bankrupt. An established discrepancy of large amount, together with proven concealment of some of his assets by the bankrupt from his trustee, are sufficient to make a prima facie case for the trustee, calling for the bankrupt's explanation of what became of the property which he is so shown to have had, prior to bankruptcy, and which he failed to surrender to the trustee.

For these reasons, the order of the referee denying the bankrupt his exemptions from the property specifically claimed by him, and allowing it only out of other property, in equal amount, found to have been in the bankrupt's possession when the petition in bankruptcy was filed and which the bankrupt had failed to schedule or surrender to his trustee, is confirmed, and the petition for review denied at the costs of petitioner.