## In re ARONSON.

(District Court, N. D. Alabama, S. D.   July 26, 1916.)

No. 14,565.

1. BANKRUPTCY &#9998;&#8594;399(3)—EXEMPTIONS—CONCEALED GOODS.

A referee may charge a bankrupt's exemptions with the amount of the value of goods in the possession of the bankrupt on the eve of bankruptcy, which he failed to surrender to his trustee; there being no reasonable explanation of the failure.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. &#9998;&#8594;399(3).]

2. BANKRUPTCY &#9998;&#8594;228—APPEAL—REFEREE'S FINDINGS.

A finding of the referee on conflicting evidence will be given weight, as he has seen and heard the witnesses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. &#9998;&#8594;228.]

3. BANKRUPTCY &#9998;&#8594;399(3)—EXEMPTIONS—RIGHT TO.

In determining whether a bankrupt's claimed exemptions shall be charged with goods concealed from the trustee, the measure of proof applicable is that obtaining in civil cases, and not that necessary in cases of contempt for disobedience of an order to surrender.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. &#9998;&#8594;399(3).]

In Bankruptcy.   In the matter of the bankruptcy of O. J. Aronson. On review of order of referee charging claimed exemptions of bankrupt with goods concealed from trustee in equal or greater amount than his exemptions.   Review denied.

Deedmeyer & Birch and J. I. Abercrombie, all of Birmingham, Ala., for bankrupt.

Max J. Winkler, of Birmingham, Ala., for trustee.

GRUBB, District Judge.   The referee allowed the bankrupt his exemptions only out of personal property, which the referee determined from the evidence was in the possession of the bankrupt at the time of the filing of the petition, and which he had failed to surrender to the trustee.

[1] The correctness of the referee's order depends upon whether the record shows that the bankrupt was in possession of goods to the amount of $1,000 or more, upon the eve of bankruptcy, which he failed to surrender to his trustee.   The right of the referee to charge his exemptions with the amount of the value of such goods, in the absence of a reasonable explanation of the failure, is settled in this district. Cowan v. Burchfield (D. C.) 180 Fed. 614, 25 Am. Bankr. Rep. 293; In re Denson (D. C.) 195 Fed. 857, 28 Am. Bankr. Rep. 162.

[2, 3] In this case the possession of additional goods of a value equal to the bankrupt's exemptions is predicated on the bankrupt's own evidence as to the value of his stock on May 1, 1915, the increase from purchases thereafter, and the amount of his sales from that date up to the bankruptcy, and upon the amount of the receiver's inventory.

The bankrupt kept no books, and the trustee was therefore limited to the evidence of the bankrupt. The estimate was not based upon a general shortage of assets over disbursements, but upon a claimed failure to account for the disposition of tangible goods, shown by the bankrupt's own evidence to have been in his possession at some time between May 1st and the filing of the petition, but not shown by the receiver's inventory. The bankrupt's own evidence shows that he was unable to show the disposition of goods, valued at from $1,200 to $2,200, except by a burglary, which he testified occurred in May, 1915. The shortage is shown both by the discrepancy between goods on hand and received after that period, less sales (as testified to by the bankrupt), and the amount inventoried by the receiver, and also by the bankrupt's evidence that his store was robbed, and that goods of the value of $2,000 were removed from it, during the month of May, 1915.

The case is therefore to be determined by the reasonableness of the bankrupt's explanation of the loss by burglary and by the correctness of his estimate of the amount of goods lost. If his explanation is reasonable, as to the fact and value of such loss, the shortage is satisfactorily explained, and no deduction from his exemptions should be made because of it. If the bankrupt's story of the burglary is unreasonable in its entirety, or his estimate of the amount of his loss too uncertain to be held to properly account for the ascertained shortage in goods at the time of bankruptcy, then there is a failure to properly explain, shown by the record, since the burglary is the only explanation offered by the bankrupt to explain the admitted discrepancy.

The referee found that the burglary did not satisfactorily account for the shortage, either in fact or amount. There is certainly enough doubt in the evidence contained in the record, as to the good faith of the alleged loss by the burglary, and as to the amount of goods lost, if in fact the bankrupt's store was burglarized, to give the presumption to be indulged in favor of the referee's finding, he having seen and heard the witnesses, its legitimate weight, as against the contention of the bankrupt to the contrary. The measure of proof applicable is that which obtains in civil cases, and not that necessary in cases of contempt for disobedience of an order to surrender. Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537, 30 Am. Bankr. Rep. 447; In re Coppleman, 30 Am. Bankr. Rep. 414; Good v. Kane, 211 Fed. 956, 128 C. C. A. 454, 32 Am. Bankr. Rep. 19.

The petition of the bankrupt to review the referee's order is denied, at his costs.