ing evidence is final. As for dictionaries, words mean what people understand them to mean, and dictionaries are only one source; persons whose business carries them among the buyers of a product are certainly qualified sources of information as to the buyers' understanding of the words they hear and use.

It is true that few, if any, but experts in the craft can distinguish between "engraving" as the Commission has defined it and the petitioner's stationery; nevertheless, people like to get what they think they are getting, and courts have steadfastly refused in this class of cases to demand justification for their preferences. Shoddy and petty motives may control those preferences; but if the buyers wish to be snobs, the law will protect them in their snobbery. " * * * the public is entitled to get what it chooses, though the choice may be dictated by caprice or by fashion or perhaps by ignorance." Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 78, 54 S.Ct. 315, 320, 78 L.Ed. 655; Fioret Sales Co. v. Federal Trade Commission, 2 Cir., 100 F.2d 358. The case at bar is in substance nearly the same as that which we decided in Federal Trade Commission v. Non-Plate Engraving Co., Inc., 2 Cir., 49 F.2d 766.

Order affirmed.

Joseph K. Guerin and Myers & Guerin, both of New York City, for appellant.

H. S. Ogden, of New York City, and Alexander & Green, of New York City, for appellee Oneida Valley Nat. Bank.

Alexander H. Katz, of Brooklyn, N. Y., for Rose Holtzer.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The findings of the referee must stand unless "clearly erroneous." Federal Rules of Civil Procedure, rule 53(e) (2), 28 U. S.C.A. following section 723c. In this case not only is that not true, but they are plainly correct; the bankrupt was shown beyond peradventure to be totally undeserving of a discharge. It is hard to see on what theory he could have expected the appeal to succeed.

Order affirmed.

## ONEIDA VALLEY NAT. BANK et al. v. BALISH.

### No. 311.

Circuit Court of Appeals, Second Circuit.

July 6, 1942.

## NATIONAL LABOR RELATIONS BOARD v. SHERWIN–WILLIAMS CO.

### No. 7931.

Circuit Court of Appeals, Third Circuit.

Argued July 6, 1942.

Decided Aug. 3, 1942.