DIAMOND LAUNDRY CORPORATION v. CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION.

ASHTON v. SAME.

DIAMOND LAUNDRY CORPORATON et al. v. SAME.

No. 11138.

Circuit Court of Appeals, Ninth Circuit.

June 6, 1947.

Walter C. Durst, of Los Angeles, Cal., for appellants.

Fred N. Howser, Atty. Gen. of California and Charles W. Johnson and Doris H. Maier, Deputy Attys. Gen. of California, for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

These are consolidated appeals from judgments affirming orders of a referee in bankruptcy—(1) an appeal by the debtor, Diamond Laundry Corporation, from a judgment affirming an order allowing two claims of appellee, California Employment Stabilization Commission,[1] against the debtor and overruling its objections to the claims; (2) an appeal by the receiver, Harry Ashton, from a judgment affirming an order dismissing his objections to the claims; and (3) an appeal by the debtor and the receiver from a judgment affirming an order striking their additional and supplemental objections to the claims.

First. On June 30, 1942, an involuntary petition in bankruptcy was filed against the debtor, the proceeding thus commenced was referred to a referee, and Ashton was appointed receiver of the debtor's property. Proofs of two claims against the debtor were filed by appellee on August 25, 1942, and December 30, 1942, respectively. An arrangement was proposed by the debtor under chapter 11 of the Bankruptcy Act, 11 U.S.C.A. §§ 701–799, on March 12, 1943. An amendment to the proposed arrangement was filed on July 6, 1943. Objections to the claims were filed by the debtor on August 3, 1943, and were heard by and submitted to the referee on

---

[1] Appellee has had three names—Unemployment Reserves Commission, California Employment Commission and California Employment Stabilization Commission.

August 24, 1943. A second amendment to the proposed arrangement was filed on August 27, 1943. An order confirming the arrangement, as amended, was entered on October 28, 1943.[2] No review of that order was sought. A petition for a rehearing of the debtor's objections to the claims was filed on June 22, 1944. The debtor's objections were reheard by and resubmitted to the referee on December 4, 1944. An order overruling the debtor's objections and allowing the claims was entered on December 18, 1944. A judgment affirming that order was entered on May 15, 1945, and was appealed from by the debtor on June 14, 1945.

■ One of the claims was for $3,281.42. The other was for $1,125.22. Both were for contributions claimed to be due and owing by the debtor under the California Unemployment Insurance Act,[3] Deering's General Laws, Act 8780d, for the period from January 1, 1936, to June 30, 1942. Such contributions constitute taxes,[4] and those here claimed were so designated in the proofs.

■ The debtor's objections were numbered 1, 2 and 3. Objection 1 was that "Said claims do not state facts sufficient to constitute provable and allowable claims against the estate and effects of said bankrupt." Objection 2 was that "Said claims are not proved in the manner required by law." The claims were not against the estate and effects of a bankrupt, but were against the debtor. The debtor was not a bankrupt. Facts sufficient to constitute provable and allowable claims against the debtor were stated in the proofs. The proofs were in substantial conformity with the requirements of § 57, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. a, and Orders 21(1) and 38 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53. The debtor did not, in any of its objections, point out any defect in the proofs.

Objection 3 was that "Said claims and the whole thereof are not proper claims against the [debtor] in that same purport to include as employees of the [debtor] persons who were not such employees, and who were at all times employees of E. J. Murphy, an independent broker by virtue of a contract with the [debtor] dated August 1, 1927, a copy of which is attached hereto and marked exhibit 'A;'"[5] that "said persons were at all times the employees of the said E. J. Murphy and were at none of the times therein mentioned the employees of the [debtor];" that "at no time did either the [debtor] or the said E. J. Murphy individually have sufficient employees to bring either of the said persons under the jurisdiction of [appellee];" that "at all times since the creation of [appellee], both the [debtor] and the said E. J. Murphy have made all the necessary and proper reports required to be made to [appellee] by the laws of the State of California;" that "the said E. J. Murphy was at all times a broker operating under contract with the ·[debtor] and, as such, retained the profits from the said brokerage business and met his obligations to the [debtor] for monies advanced by the [debtor] to the said E. J. Murphy in the financing of the latter's business;" that "The claims also purport to include a tax on monies paid to Emory F. Crepeau and

[2] The order of October 28, 1943, provided, inter alia, that "The court shall retain jurisdiction of these proceedings and the assets of the debtor until all expenses of administration, attorneys' fees and payments to creditors have been made;" that "The priority claimants, being taxing authorities who have filed claims, shall be paid in full in the amounts at which their said claims shall be allowed;" and that "the hearing and determination of objections by the debtor, or by other creditors, except as elsewhere in these proceedings otherwise waived, that may be filed on grounds not waived by the debtor, to the claims of creditors herein, shall be so filed and set for hearing within sixty days from the date of this order."

[3] Formerly the Unemployment Reserves Act.

[4] Gillum v. Johnson, 7 Cal.2d 744, 62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595; California Employment Commission v. MacGregor, 64 Cal.App.2d 691, 149 P.2d 304; In re Berkshire Hardware Co., D. C.Mass., 39 F.Supp. 663.

[5] Exhibit "A" was a copy of a purported agreement between the debtor and Motor Car Loan Company, first parties, and Edmond J. Murphy, second party.

John S. Dalzell, which said monies were paid to the said persons as independent contractors;" and that "all monies paid to the said persons by the [debtor] or the said E. J. Murphy as salaries have been properly reported to [appellee] in such instances as the [debtor] and E. J. Murphy were subject to the jurisdiction thereof."

The referee found that none of the allegations contained in objection 3 was true; that "all of the sums of money set forth as contributions due [appellee] in the claims on file herein are based upon wages paid by the debtor * * * to its employees;"[6] that "said wages were in fact paid by the debtor to its employees in the amounts and for the periods set forth in said claims;" that "none of the sums of money set forth as contributions due [appellee] in the claims on file herein are based upon wages paid by Edmond J. Murphy or by any other person or business organization, save and except the debtor in this proceeding;" that "said persons upon whose wages the aforesaid contributions are based were the employees of said debtor, with reference to wages paid in the sums and for the periods set forth in the claims of [appellee] and were not the employees of Edmond J. Murphy or any other person or business organization, save and except the debtor in this proceeding;" that, "with respect to so much of the sums set forth in said claims as became due because of wages paid by said debtor during 1936 and 1937, no reports have been filed by the debtor with [appellee] as required by the provisions of the California Unemployment Insurance Act;"[7] that "Edmond J. Murphy operated a department of the debtor's business and was not engaged in a separate venture or an independent calling;" that "during the years 1936 and 1937, the debtor employed eight or more persons for a day or portion thereof in each of twenty different weeks in each of the respective calendar years;" and that "during the years 1938, 1939, 1940, 1941 and 1942, the debtor employed four or more persons for a day or portion thereof in each of twenty different weeks in each of the respective calendar years."[8]

These findings were approved by the District Judge, are supported by substantial evidence, are not clearly erroneous and should not be set aside.[9]

The referee found that a duly authorized representative of a collector of internal revenue audited the debtor's and Murphy's books and records for the period of time covered by the claims and, as a result of said audits, concluded (1) that "the businesses of [the debtor] and of said Murphy during said period were separate and distinct;" (2) that, "for the purpose of assessment of Federal Unemployment Insurance taxes, the persons he determined to be employees of the said Murphy could not be considered as employees of the debtor;" and (3) that "amounts paid to officers of the debtor were not wages subject to taxation under the provisions of the Federal Internal Revenue Code providing for an employment insurance tax upon employers." The referee found that these conclusions were adopted by the collector.

The debtor calls the collector's adoption of these conclusions a ruling and contends that, in view of this ruling, it would be unlawful to require payment of the contributions claimed by appellee. There is no merit in this contention. The collector's ruling related only to Federal taxes. We are not here concerned with Federal taxes. We are here concerned with contributions claimed under the California Unemployment Insurance Act. Whether the debtor paid any Federal taxes is, for present purposes, immaterial.

It is true that, to the extent provided in § 1601 of the Federal Unemployment Tax Act, 26 U.S.C.A. Int.Rev. Code, § 1601, contributions paid by an employer under the California Unemployment Insurance Act may be credited against the tax, if any, paid by such employer under §

---

[6] See §§ 37, 38 and 44 of the California Employment Insurance Act.

[7] See §§ 45, 95 and 96 of the California Unemployment Insurance Act.

[8] See § 9 of the California Unemployment Insurance Act.

[9] Rules 52(a) and 53(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Orders 36 and 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53; Katcher v. Wood, 8 Cir., 109 F.2d 751; Oneida Valley National Bank v. Balish, 2 Cir., 130 F.2d 255.

1600 of the Federal Unemployment Tax Act, 26 U.S.C.A. Int.Rev.Code, § 1600; but it does not follow, nor is it true, that the payment of such a tax is a condition precedent to the collection of such contributions. Section 2 of the California Unemployment Insurance Act does not, nor do the cases cited by the debtor,[10] support its contention.

■ Other contentions urged by the debtor are so obviously lacking in merit as not to require discussion. We conclude that objections 1, 2 and 3 were properly overruled. No other objection was filed by the debtor prior to the taking of its appeal from the judgment affirming the order overruling these objections and allowing the claims. Hence no other objection may be considered on this appeal.[11]

Second. On November 24, 1944, objections to the claims were filed by the receiver, and a so-called notice of adoption of the receiver's objections was filed by the debtor. An order striking the so-called notice of adoption was entered on December 4, 1944. No review of that order was sought. An order dismissing the receiver's objections was entered on December 18, 1944. A judgment affirming that order was entered on May 15, 1945, and was appealed from by the receiver on June 14, 1945.

■ The receiver's objections were, in effect, mere repetitions of the debtor's objection 3—an objection which, as we have shown, was not well founded. Furthermore, the receiver's objections were filed long after the expiration of the 60-day period mentioned in the order confirming the arrangement[12] and hence were too late, even if, in other respects, they were valid objections. We conclude that they were properly dismissed.

■ Third. On July 24, 1945, the debtor and the receiver filed additional and supplemental objections to the claims. A motion to strike the additional and supplemental objections was filed by appellee on August 13, 1945, and was heard by and submitted to the referee on August 22, 1945. An order striking the additional and supplemental objections was entered on August 23, 1945. A judgment affirming that order was entered on February 27, 1946, and was appealed from by the debtor and the receiver on March 15, 1946.

The additional and supplemental objections were filed long after the expiration of the 60-day period mentioned in the order confirming the arrangement. Hence they were too late and would have been too late, even if no appeal had been taken. Actually, however, the two appeals first above mentioned were taken and perfected prior to the filing of the additional and supplemental objections. Thus, so far as the claims were concerned, jurisdiction of the proceeding had passed from the District Court to this court. Hence the District Court had no jurisdiction to entertain the additional and supplemental objections.[13] We conclude that they were properly stricken.

Judgments affirmed.

---

[10] Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Buckstaff Bath House Co. v. McKinley, 308 U.S. 358, 60 S.Ct. 279, 84 L.Ed. 322; Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607; Pacific Electric Ry. Co. v. United States, D.C.S.D. Cal., 64 F.Supp. 796 (reversed in United States v. Pacific Electric Ry. Co., 9 Cir., 157 F.2d 902); Scripps Memorial Hospital v. California Employment Commission, 24 Cal.2d 669, 151 P.2d 109, 155 A.L.R. 360; California Employment Commission v. Kovacevich, 27 Cal.2d 546, 165 P.2d 917; Los Angeles Ry. Corp. v. California Employment Commission, Cal. App., 166 P.2d 602.

[11] United States v. Harris, 9 Cir., 100 F.2d 268. See, also, Wilder v. Century Carpet Co., 9 Cir., 92 F.2d 175; Barringer v. Lilley, 9 Cir., 96 F.2d 607; Borchard v. California Bank, 9 Cir., 107 F.2d 96.

[12] See footnote 2.

[13] Miles City First National Bank v. State National Bank, 9 Cir., 131 F. 430; Great Western Stage Equipment Co. v. Iles, 10 Cir., 70 F.2d 197.