## In re WARD MFG. CO.
### No. 47482–C.

United States District Court
S. D. California, Central Division.
March 21, 1950.

Harry M. Irwin, Los Angeles, Cal., for the petitioner on review, Paul W. Sampsell, Trustee.

Paul A. Mason, Los Angeles, Cal., for the respondent on review, Ward Manufacturing Co., Bankrupt.

CARTER, District Judge.

This is a petition to review the order of the referee made January 12, 1950, fixing and allowing $1500.00 as the compensation for trustee, Paul W. Sampsell for conducting and operating the business of the bankrupt. The decision of the referee was based on the written record. No witnesses were called.

The statute, Sec. 48, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 76, sub. c (2) fixes the maximum allowance to trustees for conducting the business of bankrupts. It is conceded that the maximum allowance under the law would be the sum of $5922.-48, (in addition to his statutory fees as trustee, in a like amount which are not in dispute herein.)

The trustee acted for the period from June 27, 1949 to November 15, 1949 inclusive. In his report he prayed for the sum of $5922.48 for conducting and operating the business. No objection was filed or made to the report or to the claim for compensation for such services.

This was probably because of the unusual circumstances of this case, unique in bankruptcy matters. The matter started on April 26, 1949 by the debtor's petition for an arrangement under Ch. XI. The peti-

tion showed generally, liabilities of $535,000 of which $229,000 were secured and $259,000 unsecured; and assets of $956,000. The debtor's plan of arrangement was not accepted by the creditors. Certain monies required to be deposited were not deposited and application for confirmation of the plan of arrangement was not filed within the time fixed by the court, and accordingly on June 27, 1949, Ward Manufacturing Company was adjudicated a bankrupt.

A second petition for arrangement was filed September 19, 1949 and it likewise was dismissed on October 31, 1949, apparently for the reason that Sampsell, the trustee, had by that time paid all prior and preferred claims and paid dividends to general creditors in the sum of 80%.

Subsequently the unsecured creditors were paid an additional 20%, constituting payment in full; and payments during the course of the bankruptcy administration were made upon certain of the secured claims. The bankrupt, through the assistance of the trustee, secured a $34,000 loan to assist in the final liquidation with the result the Company was turned back to the bankrupt. All parties agree that it was a most successful bankruptcy proceeding.

The legal question involved is the scope of the review by the District Judge.

General Order 47, Title 11 U.S.C.A. following Section 53, provides in part that " * * * the Judge shall accept his (the referee's) findings of fact unless clearly erroneous. The Judge after hearing may adopt the report or may modify it or reject it in whole or in part, or may receive further evidence or may recommit it with instructions."

This General Order was amended effective February 13, 1939 and the new wording is considerably different from the old. We are concerned particularly therefore, with cases arising since the date of the amendment to the Order.

Collier on Bankruptcy, 14th Edition, Vol. 2, p. 1498, Sec. 39.28, states in reference to the former General Order 47: "This provision received a varying interpretation depending upon the circumstances of the case; it was said that much depended on the character of the findings. Thus if the findings of the referee represented deductions from established facts, or stipulated facts, or admitted facts, they were said to be entitled to 'little weight', because the Judge, having the same facts, could as well draw inferences or deduce conclusions as the referee * * *. On the other hand, if the findings were based upon conflicting evidence, especially where the credibility of witnesses * * * was involved, much greater weight attached to the referee's findings; and the rule was well established that the District Judge, while scrutinizing them with care, should not disturb a referee's findings unless there was most cogent evidence of mistake and miscarriage of justice."

After further discussion, Collier continues, (p. 1501): "Under present Sec. 39 (c) U.S.C., Sec. 67(c), [11 U.S.C.A. § 67, sub. c] and General Order 47, these general principles appear still applicable," adding (p. 1502.) "It would seem however, where the referee's findings consist of deductions or inferences from facts not in dispute, that General Order 47, in stating that findings of fact shall be accepted 'unless clearly erroneous', places more emphasis on the acceptability of the referee's findings in such situations than before accorded."

Notwithstanding the 1939 amendment to General Order 47, various courts have since held that where there is no conflict in the testimony, or where findings are based on admitted or undisputed facts, or where the question involves what deductions shall be drawn from matters of record, the District Court's means of judgment are nearly as good as the referee's and his findings and conclusions are not entitled to great weight. Among the cases cited are cases from this District and this Circuit so holding. Matter of Alberti, D.C.S.D.Cal., 1941, 41 F.Supp. 380; Carr v. Southern Pac. Co., 9 Cir., 1942, 128 F.2d 764.

A similar conclusion was reached by the Fifth Circuit in Stewart v. Ganey, 1940, 116 F.2d 1010, at page 1012, (relied upon and cited by the Ninth Circuit in Carr v. Southern Pacific Co., supra). [See also Moore's Collier, 1948 Cumulative Supple-

502

ment Sec. 39.28, footnote 25(a) and cases cited therein.]

The effect to be given to a *master's findings* rests on Rule 53(e) (2), Federal Rules Civil Procedure, 28 U.S.C.A., requiring that "the court shall accept the master's finding of facts unless clearly erroneous." This is practically identical language to that contained in General Order 47 (Bankruptcy).

In cases involving master's findings the Fifth and the Ninth Circuits have held that where the facts are not in dispute the master's inferences and conclusions will not be given any great weight; and the court is in as good a position to make or draw them as the master. Stubbs v. Fulton Nat. Bank of Atlanta, 5 Cir., 1945, 146 F.2d 558, 560, note 1; Adams County v. Northern Pacific Ry. Co., 9 Cir., 1940, 115 F.2d 768, 779; Sheldon v. Waters, 5 Cir., 1948, 168 F.2d 483, 485.

The following cases from this District, in substance hold that *where the evidence is conflicting,* the decision of the referee should be affirmed unless he is clearly wrong. In re McNay, D.C.S.D.Cal., 1945, 58 F.Supp. 960 at page 962; In re C & P Co., D.C.S.D.Cal., 1945, 63 F.Supp. 400 at page 408.

In this case the referee has shown commendable diligence in his desire to hold the expenses of bankruptcy to a minimum.

We hold however, that where the facts are not in dispute and where the referee's order rests upon an inference, a deduction or a conclusion drawn from undisputed facts, that in the language of the Ninth Circuit, in Carr v. Southern Pacific Co., supra, the District Judge is in as good a position to interpret such facts as was the referee.

Conversely if facts are in dispute or if the referee has passed upon the credibility of witnesses, we would hold that the referee's decision should be sustained unless he was "clearly erroneous."

In this case there was a successful bankruptcy administration and a successful operation of the business by the trustee. The unsecured creditors were paid off in full and the Company, a $900,000 concern, returned to the bankrupt and released from bankruptcy proceedings. This case is one therefore, where this court feels a substantial award within the limits of the statute should be made to the trustee for operating the business. The court has already noted that no objection was made to the trustee's report or request for fees before the referee below.

The order of the referee is therefore modified, and fees in the sum of $5000.00 allowed to the trustee for his conduct of the business of the bankrupt.